**United States District Court**
**Southern District of New York**
————————————————————

**JO-ANN McMAHAN,**                              13 Civ. 6546 (JGK)(HBP)

              **Plaintiff,**                    <u>MEMORANDUM OPINION</u>
                                                   <u>AND ORDER</u>
    - against -

**COMMISSIONER OF SOCIAL SECURITY,**

             **Defendant.**
————————————————————

**JOHN G. KOELTL, District Judge:**

     This case involves a claim for Supplemental Security Income ("SSI") benefits for disability under Title XVI of the Social Security Act (the "Act"). The claim was filed on March 2, 2011. An Administrative Law Judge ("ALJ") for the Social Security Administration ("SSA") determined that the plaintiff, Jo-Ann McMahan,[1] was not "disabled" under the Act. The ALJ's decision, dated May 9, 2012, became the final decision of the Commissioner of Social Security ("Commissioner") when the Appeals Council denied review on July 15, 2013. The plaintiff brought this action pursuant to 42 U.S.C. § 1383(c) (incorporating 42 U.S.C. § 405(g)), to challenge this final decision. The Commissioner has moved for judgment on the pleadings pursuant to Federal Rule

---

[1] The spelling of the plaintiff's name differs from that in the caption in the docket. The plaintiff has notified the Court by letter that the spelling in the caption is incorrect and that her name is actually spelled "Jo-Ann McMahan." The Clerk is directed to correct the caption.

of Civil Procedure 12(c), and the plaintiff has cross-moved for an order remanding this action to the SSA.

The Court has received the thorough Report and Recommendation of Magistrate Judge Henry Pitman recommending that the Commissioner's motion be granted, that the plaintiff's motion be denied, and that the case be dismissed.  The plaintiff filed an objection to the Magistrate Judge's Report and Recommendation.  The facts of the case are set forth in the Report and Recommendation of the Magistrate Judge, and familiarity with those facts is assumed. For the reasons explained below, the Report and Recommendation is adopted in its entirety, the Commissioner's motion is granted, the plaintiff's motion is denied, and the case is dismissed.

## I.

Pursuant to 28 U.S.C. § 636(b)(1)(C), any portion of a magistrate judge's Report and Recommendation to which objection is made is subject to de novo review.  See, e.g., McClain ex rel. McClain v. Halter, No. 99cv3236, 2001 WL 619177, at *1 (S.D.N.Y. June 5, 2001); DeJesus v. Chater, 899 F.Supp. 1171, 1174-75 (S.D.N.Y. 1995).

A Court may set aside a determination by the Commissioner only if it is based upon legal error or is not supported by substantial evidence in the record.  See 42 U.S.C. § 405(g);

Selian v. Astrue, 708 F.3d 409, 417 (2d Cir. 2013) (per curium); Talavera v. Astrue, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).

## II.

The standards governing entitlement to SSI benefits are well settled.  A claimant seeking such benefits is considered disabled if the claimant is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).[2]

The analytical framework for evaluating SSI claims is defined by regulations of the Commissioner, which set forth a

---

[2] The definition of disability for the purpose of disability insurance benefits under Title II of the Social Security Act is similar.  See 42 U.S.C. § 423(d)(1)(A).  The determination of disability under Title II is also similar to the determination of disability for purposes of SSI benefits under Title XVI of the Act.  Ramos v. Apfel, No. 97cv7435, 1999 WL 13043, at *4 n.1 (S.D.N.Y.  Jan 12, 1999).  In this Opinion, cases under 42 U.S.C. § 423 are cited interchangeably with cases under 42 U.S.C. § 1382c(a)(3).  See Hankerson v. Harris, 636 F.2d 893, 895 n.2 (2d Cir. 1980).

five-step inquiry.  See 20 C.F.R. § 416.920.  As the Court of Appeals has explained:

> The first step in the sequential process is a decision whether the claimant is engaged in substantial gainful activity.  If so, benefits are denied.  If not, the second step is a decision whether the claimant's medical condition or impairment is severe.  If not, benefits are denied.  If the impairment is severe, the third step is a decision whether the claimant's impairments meet or equal the "Listing of Impairments" set forth in . . . the [S]ocial [S]ecurity regulations.  These are impairments acknowledged by the [Commissioner] to be of sufficient severity to preclude gainful employment.  If a claimant's condition meets or equals the listed impairments, he or she is conclusively presumed to be disabled and entitled to benefits.  If the claimant's impairments do not satisfy the "Listing of Impairments," the fourth step is assessment of the individual's residual functional capacity, i.e., his capacity to engage in basic work activities, and a decision whether the claimant's residual functional capacity permits him to engage in his prior work.  If the residual functional capacity is consistent with prior employment, benefits are denied.  If not, the fifth and final step is a decision whether a claimant, in light of his residual functional capacity, age, education, and work experience, has the capacity to perform alternative occupations available in the national economy.  If not, benefits are awarded.

City of New York v. Heckler, 742 F.2d 729, 732 (2d Cir. 1984) (internal citations and quotation marks omitted), aff'd sub nom., Bowen v. City of New York, 476 U.S. 467 (1986).

The initial burden is on the claimant to prove that the claimant is disabled within the meaning of the Act, and this

4

burden encompasses the first four steps described above. See Poupore v. Astrue, 566 F.3d 303, 306 (2d Cir. 2009) (per curiam). If the claimant satisfies the burden of proof through the fourth step, the claimant has established a prima facie case and the burden shifts to the Commissioner to prove the fifth step—that there exists alternative substantial gainful employment in the national economy that the claimant can perform. See id.; see also Santos v. Astrue, No. 12cv2075, 2013 WL 5462337, at *1-2 (S.D.N.Y. Sept. 30, 2013).

In this case, the ALJ concluded at step one that the plaintiff has not engaged in substantial gainful activity since March 2, 2011, the application date. SSA Administrative Record ("SSA Rec.") at 14. At the second step, the ALJ found that the plaintiff suffered from two "severe" impairments under 20 C.F.R. § 416.920(c): eosinophilic pneumonia and asthma. SSA Rec. at 14-16. At the third step, the ALJ found that the plaintiff did not have an impairment or combination of impairments medically equal to impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. SSA Rec. at 16-17.

At the fourth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform "sedentary work" as defined in 20 C.F.R. § 416.967(a), "except she cannot be exposed to dust, fumes or other respiratory irritants." SSA Rec. at 17-20. Then, in accordance with 20 C.F.R. § 416.960(b),

5

the ALJ considered whether the plaintiff was able to perform any of the past jobs she had held during the previous fifteen years, including singer, model, and house sitter.  Relying on the Department of Labor's Dictionary of Occupational Titles, the ALJ concluded that the plaintiff's residual functional capacity precluded her from working as a singer or a model, because these jobs are classified as requiring light physical exertion.[3]  SSA Rec. at 20.  But the ALJ determined that the plaintiff was capable of performing her past work as a house sitter because during the administrative hearing, the plaintiff admitted she was capable of performing such work, and described the tasks of a house sitter as being primarily in line with the SSA's definition of sedentary work.[4]  Accordingly, the plaintiff's claim for SSI was denied.

### III.

On appeal, the Magistrate Judge addressed five arguments made by the plaintiff: (1) the ALJ did not allow plaintiff's counsel to represent her during the April 30, 2012 hearing; (2) Dr. Mescon, the consulting physician, was unqualified to

---

[3] Light physical exertion is greater than sedentary physical exertion.  20 C.F.R. § 416.967.
[4] In his decision, the ALJ did not refer to the Dictionary of Occupational Titles for the job of house sitter, which is classified therein as requiring light exertion, presumably because the plaintiff testified at the administrative hearing that she could perform the job if it was offered to her.  SSA Rec. at 20, 43.

6

diagnose the plaintiff's medical conditions; (3) the opinion of Dr. Eden, the plaintiff's treating physician, that the plaintiff was disabled should have controlled; (4) the ALJ misstated the plaintiff's work history, record of hospitalizations, and record of depression; and (5) the plaintiff cannot perform past relevant work and, therefore, the ALJ erred at step four. Report and Recommendation at 5.  Additionally, the Magistrate Judge was presented with new evidence that had not been presented to the SSA.  The Report and Recommendation explains that the ALJ decision was free of error and supported by substantial evidence.  Additionally, none of the plaintiff's arguments and none of the new evidence warranted a remand.  The plaintiff now objects, generally claiming that the Magistrate Judge's statements are embellished and misinterpret the facts. The plaintiff has also submitted additional extraneous evidence of her medical condition that was not submitted to the Magistrate Judge or the ALJ.

### A.

As an initial matter, the plaintiff makes numerous objections to the Magistrate Judge's characterization of the facts of the case.  However, none of the alleged mischaracterizations are material to the Magistrate Judge's analysis of the ALJ's decision.

7

The plaintiff objects to statements of fact in the Report and Recommendation that are clearly supported by the record. For example, the plaintiff claims that the statement that she had difficulty breathing because her asthma medications were suspended during a hospital stay is false, but the record includes progress notes from the University Medical Practice Associates that state, "Taken off asthma meds & now has difficulty breathing." SSA Rec. at 199. Additionally, the plaintiff claims that the Magistrate Judge "twisted the words" of the physician by stating that the plaintiff stopped taking prednisone; the plaintiff argues that, in fact, her doctor took her off prednisone. But the semantics are irrelevant. Whether the plaintiff ceased to take prednisone by her own accord or her doctor directed her to stop has no bearing on the ultimate disability determination.

The plaintiff also makes numerous objections to the characterizations of her ability to do physical activities. For example, the plaintiff states that it is not true that she performed an hour of cardiovascular exercise per day or that at any point during the relevant time frame her ability to sing improved. But the objected-to statements clearly have not influenced any determination of the plaintiff's residual functional capacity, because both the Magistrate Judge and the ALJ concluded that she could only perform sedentary work.

8

Additionally, the Report and Recommendation agrees with the ALJ's explicit determination that the plaintiff cannot return to work as a singer.  Therefore, to the extent that the plaintiff disagrees with the Magistrate Judge's characterizations of the facts, those disagreements do not affect the outcome of the Report and Recommendation.

Next, the plaintiff argues that the Magistrate Judge mischaracterized her height, which is relevant in determining a breathing impairment under step three of the disability analysis.  The plaintiff states that she is 62 inches tall, whereas the Report and Recommendation indicates that she is 68 inches tall.  An SSI claimant with asthma may show that she is disabled at step three of the disability analysis if a pulmonary function test ("PFT") shows that the forced vital capacity ("FVC") or forced expiratory volume ("$FEV_1$") of her lungs is at or below a certain level.  20 C.F.R. Part 404, Subpart P, Appendix 1, Section 3.03.  But the threshold for a person of 62 inches in height is even lower than that for a person of 68 inches in height, and none of the test results in the record or the extraneous exhibits submitted to the Magistrate Judge or this Court that pertain to the plaintiff's condition during the

9

relevant time frame meet this standard for either height.[5]  See id.

Finally, the plaintiff argues that she has not worked as a house sitter since 1998.  At step four of the disability analysis, the ALJ determines whether the claimant can perform work that the claimant had performed during the previous fifteen years.  See 20 C.F.R. § 416.960(b)(1) ("Past relevant work is work that you have done within the past 15 years . . . ."); see also § 416.960(b)(3) ("If we find that you have the residual functional capacity to do your past relevant work . . . [w]e will not consider your vocational factors of age, education, and work experience or whether your past relevant work exists in significant numbers in the national economy.").  Even though the plaintiff has previously contended that she worked as a house sitter as recently as 2000, accepting this new allegation as true would make no difference; 1998 was less than fifteen years prior to the March 2011 filing date of the plaintiff's claim and the May 2012 ALJ determination.

---

[5] During the relevant time period between the filing of the claim in March 2011 and the ALJ's decision in May 2012, the plaintiff's lowest $FEV_1$ was 1.52 and her lowest FVC was 1.78.  Report and Recommendation at 47.  To establish a disability at step three, a claimant that is 68 inches tall must show an $FEV_1$ that is equal to or less than 1.45 or an FVC that is equal to or less than 1.65, and a claimant that is 62 inches tall must show an $FEV_1$ that is equal to or less than 1.15 or an FVC that is equal to or less than 1.35.  20 C.F.R. Part 404, Subpart P, Appendix 1, Section 3.03, incorporating § 3.02.

10

Accordingly, none of the issues that the plaintiff addresses with regard to the Magistrate Judge's characterization of the facts have any bearing on the ultimate conclusion in the Report and Recommendation and do not warrant remand.

**B.**

The plaintiff next objects to the Magistrate Judge's conclusions regarding new evidence not previously before the SSA, including 2008 records from Shore Memorial Hospital and various PFT results. However, the Magistrate Judge did not err in not considering the plaintiff's PFT results submitted from June 11, 2010 and other results from May 8, 2014 because these results were from outside the relevant time frame. The Magistrate Judge was also correct in not considering immaterial evidence from 2008 to the present.

Although medical evidence from outside the relevant time frame is not automatically disregarded in the disability analysis, Pollard v. Halter, 377 F.3d 183, 193-94 (2d Cir. 2004), such evidence should only be considered if it bears on the severity of the claimant's condition during the relevant time period. See Polynice v. Colvin, No. 8:12cv1381, 2013 WL 6086650, at *19, n.36 (N.D.N.Y. Nov. 19, 2013) (evidence of deteriorating health in July 2011 does not evince deteriorating health in June 2010). In this case, the PFT results in question

bear only on the claimant's condition on the dates of the tests, and therefore do not bear on the severity of the condition during the relevant time frame.  Furthermore, the PFT results from within the relevant time frame included with the new evidence do not meet the requirements for asthma in the SSA's "Listing of Impairments."  See Report and Recommendation at 47.  And the ALJ limited the plaintiff's residual functional capacity to exclude exposure to dust, fumes, or other respiratory irritants.

Finally, the plaintiff objects to the Magistrate Judge's conclusion that the plaintiff failed to provide just cause for failing to present the extraneous evidence during the administrative proceedings.  Extraneous evidence should only be considered by the Magistrate Judge if it is material and the plaintiff shows "good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."  42 U.S.C. § 405(g).  Evidence is material if it is "both relevant to the claimant's condition during the time period for which benefits were denied, and probative."  Lisa v. Secretary of Dept. of Health and Human Serivces, 940 F.2d 40, 43 (2d Cir. 2001) (quoting Tirado v. Bowen, 842 F.2d 595 (2d Cir. 1988)).

The Magistrate Judge found no good cause because the plaintiff provided no explanation for failing to provide the evidence earlier.  Now the plaintiff contends that she was

12

unaware that the new evidence was not part of the record and she had no control over what was submitted to the SSA. However, even if this is sufficient cause for failing to present the evidence earlier, the Magistrate Judge also found that the evidence was not material because it would not have affected the ALJ's decision. This conclusion was correct. Accordingly, the Magistrate Judge did not err in concluding that the plaintiff's new evidence did not warrant a remand.

### c.

The plaintiff also attempts to relitigate a number of arguments previously made before the Magistrate Judge. For example, the plaintiff again argues that the ALJ did not allow her attorney to represent her during the administrative hearing and that the consulting internist, Dr. Mescon, was not qualified to examine her.

Repeating the same arguments that were presented to the Magistrate Judge without explaining why the Magistrate Judge erred is not a sufficient basis to upset the conclusions of the Magistrate Judge. See DiPilato v. 7-Eleven, Inc. 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) ("[E]ven a pro se party's objections . . . must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior

13

argument."). As such, these arguments should not be reconsidered.

In any event, the plaintiff's objections fail on the merits. As the Report and Recommendation concluded, the plaintiff's attorney, David A. Bythewood, was present during the administrative hearing, made an opening statement, and questioned the plaintiff. SSA Rec. at 30-31, 50-51. Therefore, Mr. Bythewood was clearly allowed to represent the plaintiff during the hearing.[6]

The ALJ also did not err by relying on Dr. Mescon's opinion. As the Magistrate Judge recognized, Dr. Mescon diagnosed the plaintiff with the same respiratory ailments as her treating physician, Dr. Eden: chronic eosinophilic pneumonia and asthma. SSA Rec. at 19. Furthermore, Dr. Mescon's conclusion that the plaintiff can perform sedentary work if she avoids respiratory irritants is consistent with the medical evidence in the record. See id. at 19-20. Moreover, although Dr. Eden opined that the plaintiff was disabled, the ALJ was not required to defer to the treating physician's conclusion of disability because a disability determination is a legal conclusion, not a medical one. Michaels v. Astrue, 297 F. App'x

---

[6] The ALJ made a clerical error by indicating in one part of his decision that the plaintiff was not represented by counsel, see SSA Rec. at 12, but this is not grounds for concluding that the plaintiff was not represented when the record plainly indicates otherwise.

74, 76 (2d Cir. 2008) (summary order).  The ALJ explained that he afforded some weight to Dr. Eden's opinion, but did not give it controlling weight because it conflicted with medical evidence in the record that showed that the plaintiff responded well to treatment.  SSA Rec. at 19.  Accordingly, the plaintiff's attempts to repeat arguments made before the Magistrate Judge do not warrant a remand.

## D.

To the extent the plaintiff's objections included any other arguments, they are merely conclusory and generalized arguments.  In such a case, the Court will review the Report and Recommendation for clear error.  Watson v. Astrue, 08cv1523, 2010 WL 1645060, at *1 (S.D.N.Y. April 22, 2010).  A Report and Recommendation is "clearly erroneous" when the Court, upon reviewing the entire record, is "left with the definite and firm conviction that a mistake has been committed."  United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

In this case, the Court has reviewed the Report and Recommendation and finds it to be free of material error.  Therefore, the plaintiff's general and duplicative arguments are without merit and do not warrant a remand.

**IV.**

In addition to the plaintiff's objections, the plaintiff submits additional extraneous evidence to this Court that was not previously before the Magistrate Judge or the SSA proceedings. This new evidence is also immaterial to the ALJ's determination.

It is generally inappropriate to allow a party to submit additional evidence to the district court after a Report and Recommendation has been issued because doing so "would allow parties to undertake trial runs of their motion, adding to the record in bits and pieces depending upon the rulings or recommendation they received." Wallace v. Tilley, 41 F.3d 296, 302 (7th Cir. 1994) (internal quotation marks and citations omitted). But a district court has the discretion to accept such evidence in its de novo review of the Report and Recommendation. Fed. R. Civ. P. 72(b); Hynes v. Squillace, 143 F.3d 653, 656 (2d Cir. 1998).

In SSI benefits cases, new evidence should only be considered if "(1) the evidence is new and not merely cumulative of what is already in the record; (2) the evidence is material; and (3) good cause existed for [the plaintiff's] failure to present this evidence earlier." Roman v. Barnhart, 477 F. Supp. 2d 587, 600 (S.D.N.Y. 2007) (citing Lisa, 940 F.2d at 43). Evidence is material if it is "both relevant to the claimant's

condition during the time period for which benefits were denied, and probative." Id.

Much of the additional extraneous evidence submitted by the plaintiff does not pertain to the time frame relevant to her claim and does not bear on the severity of her condition during that time period. See Polynice, 2013 WL 6086650, at *19, n.36. Further, even if the plaintiff's contention that she was simply unaware that the evidence was not previously part of the record is sufficient cause to consider the new evidence, none of this evidence presents information that would change the outcome of the AlJ's determination.

The plaintiff has provided numerous summaries and doctors' notes of her medical condition from 2008 until the present. Although these documents consistently indicate that the plaintiff suffers from sinus issues and respiratory disorders including asthma, eosinophilic pneumonia, and allergies, none of the documents indicate that her condition during the relevant time frame was more severe than the ALJ's conclusions indicate. Indeed, while the plaintiff now presents extensive and graphic descriptions of a sinus condition, she did not claim to the Commissioner that she suffered from a disabling sinus condition. SSA Rec. at 53, 55-56. And at the hearing, the plaintiff's attorney affirmed that the bases to find the plaintiff disabled were eosinophilic pneumonia and asthma. SSA Rec. at 30.

17

Therefore, the new extraneous evidence included with the plaintiff's objections and subsequent letters to the Court would not alter the ALJ's determination and does not warrant a remand.

The plaintiff has also submitted a letter from David Quinn, a mental health therapist at Community Counseling & Mediation discussing her psychological condition.  However, this document indicates that Mr. Quinn has been treating the plaintiff since August 2013, over a year after the time frame relevant to the ALJ's consideration.  Mr. Quinn's opinion does not bear on the plaintiff's condition between March 2011 and May 2012, and could not have altered the ALJ's decision.  The ALJ thoroughly reviewed the medical evidence relating to the plaintiff's psychological condition and concluded that "the [plaintiff's] medically determinable mental impairment of depressive disorder not otherwise specified does not cause more than minimal limitation in the [plaintiff's] ability to perform basic mental work activities and it is therefore nonsevere."  SSA Rec. at 16.  Therefore, the plaintiff's new evidence is not material and does not warrant a remand.

To the extent that the plaintiff contends she was disabled after May of 2012, the plaintiff should file a new application for SSI benefits as noted in the Notice of Appeals Council Action of July 15, 2013.  See SSA Rec. at 2.

18

**CONCLUSION**

The Court has considered all of the arguments raised by the parties.  To the extent not specifically addressed, the arguments are either moot or without merit.  For the foregoing reasons, the Magistrate Judge's Report and Recommendation is adopted in its entirety, the Commissioner's motion for judgment on the pleadings is granted, the plaintiff's motion for remand is denied, and the Complaint is dismissed.  The Clerk is directed to enter judgment and to close this case.

**SO ORDERED.**

**Dated:   New York, New York**
**         April 18, 2015**                  _____/s/_____
                                              **John G. Koeltl**
                                        **United States District Judge**